plaintiff does not represent that right. *Whatever right of privacy Mrs. Schuyler had died with her.* Death deprives us all of rights in the legal sense of that term, and, when Mrs. Schuyler died, her own individual right of privacy, whatever it may have been, expired at the same time. The right which survived (however extensive or limited) was a right pertaining to the living only. It is the right of privacy of the living which it is sought to enforce here. That right may, in some cases, be itself violated by improperly interfering with the character or memory of a deceased relative; but it is the right of the living, and not that of the dead, which is recognized."

Nor is there room in this case for the contention that the present action should be revived in order to prevent the defendant from improperly interfering with the character or memory of the plaintiff. If such an action could be maintained, it would necessarily be by virtue of an independent right to maintain it, and not by virtue of any right derived from the deceased. The complaint alleges a cause of action in the plaintiff for an injury to her person which did not survive her death, and the motion by her administratrix to revive the action must be denied.

Motion denied. Settle order on notice.

---

BETHANY M. E. CHURCH v. BROOKS et al.

(Supreme Court, Appellate Division, Fourth Department.   March 8, 1911.)

WITNESSES (§ 202*)—CONFIDENTIAL COMMUNICATIONS—ATTORNEYS.
    Under Code Civ. Proc. § 835, providing that an attorney shall not be allowed to disclose a communication made to him by his client in the course of his professional employment, the attorney who drew the will was disqualified from testifying as to its contents in a suit to establish such will.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 756, 757; Dec. Dig. § 202.*]

Appeal from Trial Term, Jefferson County.

Action by the Bethany Methodist Episcopal Church against Francis Henry Brooks and others. From a judgment for plaintiff, and an crder denying a motion for a new trial, and two other orders, defendants appeal. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Thomas Burns, for appellants.
E. R. Cornwall, for respondent.

SPRING, J.  The action is to establish a will of Henry Dixon, who died February 25, 1898, executed in August, 1897, and alleged to have been destroyed in February, 1898. A will was subsequently executed by the decedent, February 10, 1898, which was refused probate by reason of the mental incapacity of the decedent, and also because of undue influence practiced upon him. The testimony of the plaintiff's witnesses tends to show that the will in controversy was destroyed on the day following the execution of the will which was refused probate, as already noted.

Specific questions were submitted to the jury for determination. The first four of these relate to the execution and contents of the will propounded, and the jury found that it was executed in conformity to the statute, and also determined what its provisions were, whereby the respondent was made the chief beneficiary of the testator's bounty. The evidence contained in the record, while not very full or satisfactory as to some of the questions submitted, was sufficient to call for the submission to the jury.

The will in question was prepared by an attorney named Goodale, long an acquaintance of the testator, and who died before the trial of the action. The subscribing witnesses to the will were the wife and daughter of the attorney, the former of whom was also dead at the time of the trial. The daughter, evidently an intelligent woman, testified in detail to the execution of the will, showing compliance with all the requirements of the statute governing the execution of wills. She knew nothing of its contents. The deposition of Mr. Goodale had been taken before a referee, and was read at the trial under the objection of the defendant's counsel that the relation of attorney and client existed, and that the communication was privileged and within the prohibition of section 835 of the Code of Civil Procedure. Mr. Goodale testified before the referee to the instructions given him by the testator, to the contents of the will in detail, and also as to its execution.

The Court of Appeals in Matter of Cunnion, 94 N. E. 648 (affirming 135 App. Div. 864, 120 N. Y. Supp. 266), recently decided and not yet officially reported, has held that the attorney who prepared the will in that case was disqualified by sections 835 and 836 of the Code of Civil Procedure from testifying to the contents of the will, and that decision is decisive of this case, requiring a reversal of the judgment. The judgment should be reversed.

Judgment and orders reversed, and new trial granted, with costs to appellant to abide event. All concur.